# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

**CHARLOTTE HOLMES,**

    Plaintiff,

v.   No.   1:25-cv-01074-STA-jay

**MISSISSIPPI DEPARTMENT of
REHABILITATION SERVICES;
FRAN COOK,** *Rehabilitation Counselor;* **and
KRISTEN BROOK,** *Supervisor/Rehabilitation
Counselor*;

    Defendants.

## REPORT AND RECOMMENDATION

On March 10, 2025, Plaintiff Charlotte Holmes filed a lawsuit against the above-named defendants. (Docket Entry ["D.E."] 1.) The Court is required to conduct a screening of this action because Holmes sought and received in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2)(B). (D.E. 2, 6.) This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05. Upon review of Holmes's Complaint, it is recommended that her claims be DISMISSED.

I.

Proceeding pro se, Holmes asserts claims pursuant to 42 U.S.C. § 1983 against the Mississippi Department of Rehabilitation Services ("MDRS"); Fran Cook, in her official capacity as an MDRS Rehabilitation Counselor; Kristen Brook, in her official capacity as an MDRS

1

Rehabilitation Counselor Supervisor; and unknown MDRS employees all sued in their official capacities. (D.E. 1 at 1, 4 § III B–C.)

Holmes alleges that she is a disabled, African American female. (*Id*. at 2–3.) MDRS, according to Holmes, is an agency located outside of Tennessee that provides services to Mississippi residents to help its participants become employable. (*Id.* at 2.) Holmes states that MDRS provides its participants with on-the-job training opportunities or post-secondary education, and that the training or education may take place outside the State of Mississippi. (*Id.*)

Holmes claims that she was a qualified individual for MDRS services but that MDRS "wrongfully and abruptly closed [her] case." (*Id.*) She avers that an unnamed counselor told her that a "counselor can apply for an exception for a student who has extenuating circumstances instead of outright case closure," however, her counselor, Fran Cook, did not do so and instead allegedly told Holmes that she was "'too dumb' for the program and MDRS is not for 'retarded people like [Holmes].'" (*Id*.) Holmes further alleges that a Ms. Hart, who is part of the MDRS's management, stated to her that "MDRS is not for [Holmes] because [she is] 'too slow' to receive help from the program because it has taken [her] years to become employable." (*Id*.)

Holmes broadly states that she was discriminated against because of her race and disability, and that she was treated unequally compared to other participants in the MDRS program. (*Id*.) She states that MDRS "repeatedly made decisions based on race regarding [African American] consumers, but other races were allowed to continue to be served in the program." (*Id*.) She continues be claiming that "MDRS has different requirements for white individuals seeking services through the agency than for African American consumers." (*Id*.) She also makes a general allegation that MDRS defamed her and portrayed her in a false light. (*Id*.)

In terms of relief, Holmes seeks one million dollars, which includes: reimbursement for tuition and fees that has she incurred after her case was closed, reinstatement of her MDRS status and resumption of MDRS services, an order mandating that MDRS not engage in discriminatory behavior to its program recipients, compensation for emotional anguish in the amount of $250,000, $250,000 in punitive damages, general compensatory damages of $50,000, and any other appropriate relief. (*Id*. at 5.)

II.

A.  28 U.S.C. § 1915(e)(2) Screening

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner pro se plaintiffs who are proceeding in forma pauperis at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

B.  Standard of Review for Failure to State a Claim

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'"

*Tackett*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

    C. Analysis

Holmes lawsuit fails to state a claim upon which relief may be granted because the Defendants are immune from suit under the Eleventh Amendment to the United States Constitution. "From birth, the States . . . have possessed certain immunities from suit in . . . federal courts." *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (citing *Alden v. Maine*, 527 U.S. 706, 713, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999)). This immunity covers claims filed against the states in federal court, *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 57–73 (1996), claims filed against them in their own courts under federal law, *see Alden*, 527 U.S. at 730–54 (1999), and claims filed against them in another state's courts, *see Franchise Tax Bd. of Cal. v. Hyatt*, 587 U.S. 230, 247 (2019); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890); *New Albany Main St. Props. v. Watco Cos., LLC,* 75 F.4th 615, 618–19 (6th Cir. 2023); *Enoch v. Hamilton Cnty. Sheriff's Off.*, 818 F. App'x 398, 402 (6th Cir. 2020).

"MDRS is a state agency that provides services to individuals with disabilities." *Hobson v. Miss. Dep't of Rehab. Servs.*, No. 22-60535, 2023 WL 2342371, at *1 (5th Cir. Mar. 3, 2023); *Gray v. Miss. Dep't of Rehab. Servs.*, No. 22-60411, 2023 WL 119636, at *1 (5th Cir. Jan. 6, 2023). A suit against a state agency or department is considered a suit against the State itself for purposes of Eleventh Amendment immunity. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100

4

(1983) (citations omitted). Eleventh Amendment immunity "also applies to actions against state officials sued in their *official* capacity for money damages." *Ernst*, 427 F.3d at 358 (emphasis added) (citing *Lapides v. Bd. of Regents*, 535 U.S. 613, 616 (2002)). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Here, Holmes fails to state a claim upon which relief may be granted because MDRS, as an agency of the State of Mississippi, enjoys sovereign immunity and cannot be sued in this Court. Furthermore, all of the named and unnamed individual Defendants, who are MDRS employees or officials, are also immune from suit under the Eleventh Amendment and are subject to dismissal.

### III.

For these reasons, Plaintiff Charlotte Holmes's lawsuit should be dismissed pursuant to 1915(e)(2)(B) as it fails to state a claim on which relief may be granted because all Defendants are immune from suit.

Respectfully submitted, this, the 8th day of May 2025.

s/Jon A. York<br>UNITED STATES MAGISTRATE JUDGE

### NOTICE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.** *SEE* **28 U.S.C. § 636(b)(1); LOCAL RULE 72.1(g)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**